In the Matter of the TALCO–BOGATA CONSOLIDATED INDEPENDENT SCHOOL DISTRICT BOND ELECTION.

No. 06–98–00182–CV.

Court of Appeals of Texas, Texarkana.

Submitted April 14, 1999.

Decided June 4, 1999.

Michael D. Mosher, Michael D. Mosher & Associates, Paris, for appellant.

David M. Richards, Richards, Donald E. Lindsay, Lindsay & Martin, LLP, Austin, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice GRANT.

Ed Hale and two other taxpayers (Hale) in the Talco–Bogata Consolidated School District appeal from an order requiring them to post a security bond pursuant to Tex.Rev.Civ. Stat. Ann. art. 717m–1, § 8 (Vernon Supp.1999). Hale sued the president of the board of trustees and the superintendent of the Talco–Bogata Consolidated Independent School District to have a school bond election declared void. The

School District filed a separate suit seeking a declaratory judgment that the bond elections were valid. The trial court consolidated the two causes. The School District then moved to require Hale to post a security bond authorized by Article 717m–1, § 8. The trial court held a hearing and ordered Hale to post a $500,000 bond within ten days. Hale filed a notice of appeal from the order requiring bond, pursuant to Article 717m–1, § 9 (Vernon Supp.1999).

Section 8 of Article 717m–1 requires the trial court to apply a temporary injunction standard to assess the evidence presented at the hearing on the bond. The statute, in relevant part, reads as follows:

> At any time prior to entry of final judgment in the proceedings, the public agency may ask the court for an order that any opposing party or intervenor, except the attorney general, be dismissed unless the opposing party or intervenor shall post a bond with sufficient surety, approved by the court.... *Unless at the hearing on the motion the opposing party or intervenor establishes facts which, in the judgment of the court would entitle him to a temporary injunction against the issuance of the securities, the court shall grant the motion of the public agency and in its order the court shall fix the amount of the bond to be posted by the opposing party* or intervenor in an amount found by the court to be sufficient to cover all damages and costs which may accrue by reason of the delay....

TEX.REV.CIV. STAT. ANN. art. 717m–1, § 8 (Emphasis added.).

Hale contends the trial court abused its discretion by ordering the security bond because the evidence adduced at the hearing was sufficient to entitle him to a temporary injunction against the issuance of the securities. Specifically, he contends he demonstrated a probable right of recovery when he alleged a valid cause of action and presented evidence which tends to sustain his claim. The School District contends Hale's evidence did not establish his right to a temporary injunction and, as a result, the trial court did not err.

Because Article 717m–1, § 8 applies the temporary injunction standard, we will review the trial court's decision to order a security bond in the same manner. Appellate review of an order granting a temporary injunction is strictly limited to whether the trial court has clearly abused its discretion. *Davis v. Huey*, 571 S.W.2d 859, 861–62 (Tex.1978); *Owens–Corning Fiberglas Corp. v. Baker*, 838 S.W.2d 838, 840 (Tex.App.-Texarkana 1992, no writ). An abuse of discretion occurs when the trial court acts without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex.1985). The appellate court will not substitute its judgment for that of the trial court, but must only determine whether the action was so arbitrary as to exceed the bounds of reasonable discretion. *Philipp Bros., Inc. v. Oil Country Specialists, Ltd.*, 709 S.W.2d 262, 265 (Tex. App.-Houston [1st Dist.] 1986, writ dism'd). The appellate court will draw all legitimate inferences from the evidence in a manner most favorable to the trial court's judgment. *Metropolitan Life Ins. Co. v. La Mansion Hotels and Resorts, Ltd.*, 762 S.W.2d 646, 648 (Tex.App.-San Antonio 1988, writ dism'd). A trial court does not abuse its discretion when it bases its decision on conflicting evidence. *General Tire, Inc. v. Kepple*, 970 S.W.2d 520, 529 (Tex.1998); *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex.1978).

To obtain a temporary injunction, the applicant need demonstrate only a probable injury and a probable right of recovery. *Miller Paper Co. v. Roberts Paper Co.*, 901 S.W.2d 593, 597 (Tex.App.-Amarillo 1995, no writ). One establishes a probable right to recovery by alleging a cause of action and presenting evidence which tends to sustain it. *Id.* However, he is not required to establish that he will ultimately prevail at trial. *Id.*

In the instant case, the trial court heard conflicting evidence on the issue of probable right of recovery. At the hearing, Hale presented evidence that the Talco–Bogata School District bond election was passed by ten votes: 614 people voted for the school bond, and 604 people voted against the school bond. Hale presented evidence that six voters voted illegally, one nonvoter was counted as voting, and one voter against the school bond was refused the right to vote. Additionally, during the early voting, several witnesses testified that they were not afforded a private place to cast their ballots. The School District presented evidence that the secretary of state assigned Laura Ogelman, an election inspector, to one of the voting locations to observe the procedures. Ogelman reported that all of the voting procedures were properly performed. The School District also introduced evidence that the Attorney General's office requested to be dismissed from the proceedings because it did not question the validity of the bond election proceedings. The School District also introduced evidence that the nonvoter counted as a voter was a clerical error and the person who was denied the right to vote failed to properly identify herself.

Hale introduced testimony that election officials could not account for twenty ballots. Gale Vandeaver, the superintendent of schools, stated that the tally list from one of the voting boxes indicated twenty ballots were missing. The School District presented undisputed evidence that the allegedly missing twenty ballots was a counting error. Virginia Spencer, an early voting election judge, testified that upon receipt of one of the voting boxes, she discovered the unused ballots exceeded the number listed on the judge's reporting sheet. She stated, after reviewing the reporting sheet, she determined that the numbers did not add up correctly. After recounting the unused ballots, she determined that the ballots had not been properly counted on the reporting sheet. She stated she corrected the error on the reporting sheet and the numbers added up accurately.

Additionally, Hale presented evidence of possible illegal electioneering. John White, a student at the high school where an early voting ballot box was located, testified that another student made an announcement supporting the school bonds over the intercom system. The announcement took place during the early voting period. White stated that the announcement did not affect his decision to vote against the school bond. Also, White's testimony does not reveal whether the announcement was broadcasted where the voting box was located or how close the nearest speaker was to the voting box. The penalty for illegal activity too close to the election box is a Class C misdemeanor. Tex. Elec.Code Ann. § 85.036 (Vernon Supp.1999).

Looking at the evidence in the light most favorable to the order of the court, we find the trial court did not abuse its discretion by ordering the security bond. Hale presented the trial court with evidence that eight votes were illegal. The trial court had no evidence that the illegal voters voted for or against the school bonds. Even if the trial court concluded that the eight illegal voters had voted for the school bond, the evidence was still insufficient to demonstrate a probable right of prevailing. The school bond election passed by ten votes. Without regard to whether the trial court believed the testimony of the witnesses or not, Hale did not present enough evidence that tended to sustain his cause of action.

We also find the trial court was within its discretion to find the testimony concerning missing ballots and illegal electioneering was insufficient to establish a probable right of prevailing. When drawing all inferences in favor of the trial court's order, we find Hale did not present enough evidence on those issues as well.

Hale contends he established a probable right of recovery because he presented evidence that shows a bona fide issue ex-

ists, citing *Northwest Bank v. Garrison, M.D.*, 874 S.W.2d 278, 281 (Tex.App.-Houston [1st Dist.] 1994, no writ). Hale also contends that a probable right of recovery is not a term involving an assessment of probabilities by the judge, citing *Anderson Oaks (Phase I) Ltd. Partnership v. Anderson Mill Oaks, Ltd.*, 734 S.W.2d 42, 44 n. 1 (Tex.App.-Austin 1987, no writ).

The standard for the granting of temporary injunction running through numerous cases in Texas, stated in *Walling v. Metcalfe*, 863 S.W.2d 56 (Tex.1993), is that the applicant must establish a probable right on final trial to relief sought but not that the applicant will prevail on final trial. *See also Transport Co. of Texas v. Robertson Transports, Inc.*, 152 Tex. 551, 261 S.W.2d 549 (1953). As previously stated, our review is on an abuse of discretion standard. The court is not required to determine prematurely the outcome of the trial, but rather, the court must determine if the applicant has presented evidence which will show a likelihood of success at the trial on the merits.

As we stated above, Hale did not produce enough evidence that would tend to sustain his cause of action.

 With regard to the issue of a secret ballot, Section 51.032 of the Texas Election Code provides that voting booths shall be provided at each polling place that afford privacy for voters while marking their ballots. Tex. Elec.Code Ann. § 51.032 (Vernon 1986). Privacy in casting one's ballot is a sacred rule of law in this state. Article VI, Section 4 of the Texas Constitution provides that in all elections by the people, the vote shall be by ballot. Tex. Const. art. VI, § 4. This provision means that the voter in all elections shall be accorded a secret vote or ballot. *Wood v. State ex rel. Lee*, 133 Tex. 110, 126 S.W.2d 4, 9 (1939).

 In the present case, there was evidence that the School District did not provide some citizens a private place to vote during the early elections. Although no evidence was presented that the lack of privacy prevented them from voting their conscience, the School District, or any entity holding elections, should afford the voters the opportunity to vote a secret ballot. Texas law, however, holds that failure to provide voting booths does not invalidate the election. *Little v. Alto Indep. School Dist. of Alto, Cherokee County*, 513 S.W.2d 886, 890 (Tex.App.-Tyler 1974, writ dism'd); *Altgelt v. Callaghan*, 144 S.W. 1166, 1171 (Tex.Civ.App.-San Antonio 1912, writ dism'd). Courts have generally held that statutes regulating the manner of holding an election are directory in the sense that their violation does not justify an order setting aside the election. *Honts v. Shaw*, 975 S.W.2d 816, 821 (Tex.App.-Austin 1998, no pet.).

 Hale also contends that the trial court misapplied the law and thus abused its discretion by ordering a security bond. An abuse of discretion arises when the court misapplies the law to the established facts. *See State v. Southwestern Bell Tel. Co.*, 526 S.W.2d 526, 528 (Tex.1975). Hale contends the trial court held him to a higher standard by requiring him to prove that he would ultimately prevail at trial in order to avoid the security bond. He points to a conversation in the record between the attorneys and the trial judge where the judge states, "[a]s I understand the law, you have to show that the election results would have been changed."

However, at the end of the trial, the judge correctly stated the law by announcing "the test is not whether or not the parties—that the contestants should or should not prevail, .... [b]ut the test that I will use is the statutory test, whether or not the intervenors establishes [sic] facts which in the judgment of the court would entitle him to temporary injunction." We presume this to be the standard used by the trial court.

 Finally, Hale contends the trial court abused its discretion in setting the security bond at $500,000 when no evidence existed as to any injury the School

District would suffer. Specifically, he contends the School District did not present evidence of actual injury. Hale contends the only evidence the School District presented was how much the Talco–Bogata Consolidated Independent School District would lose in taxes and increment money based on taxes if the school bond issue had never passed.

Article 717m–1, § 8 provides the trial court shall fix the amount of the bond to cover all damages and costs which may accrue by reason of the delay as will be occasioned by the continued participation of the opposing party or intervenor in the proceedings in the event that the public agency finally prevails and obtains substantially the judgment prayed for in its petition. TEX.REV.CIV. STAT. ANN. art. 717m–1, § 8. The court in its discretion may receive evidence on the amount of the damages and costs, which shall include, but not be limited to, anticipated increases in interest rates and in construction and financing costs. *Id.*

The School District presented testimony from an architect that construction costs could rise between five-and-one-half percent to nine percent if the construction of the new schools were delayed. The nine million dollars in school bond proceeds were going toward the purchase and construction of new facilities for the School District. The projected increase in construction costs ranged from $495,000 to $810,000. Additionally, the School District introduced evidence that it will lose $565,-232 in state funding over the next two years because of the delay in issuing the school bonds.

We find Hale's argument is without merit. The School District introduced sufficient evidence justifying a $500,000 security bond in the event it finally prevails on the merits of the case.

For the reasons stated above, we affirm the order of the trial court.