

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NOS. 02-10-00383-CV**
**02-10-00384-CV**
**02-10-00385-CV**
**02-10-00386-CV**
**02-10-00387-CV**
**02-10-00388-CV**
**02-10-00389-CV**
**02-10-00390-CV**


MICHAEL L. MALONE                                                    APPELLANT

V.

THE STATE OF TEXAS                                                    APPELLEE


------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1] ON REHEARING

----------


---

[1]*See* Tex. R. App. P. 47.4.

# I. INTRODUCTION

On December 8, 2011, this court issued a memorandum opinion on rehearing granting the State's motion for rehearing and affirming all of the trial court's judgments because the propriety of the assessment of costs and court-appointed attorneys' fees as costs was not properly before this court. Appellant Michael L. Malone has now filed a motion for rehearing. We deny Malone's motion for rehearing but withdraw our prior memorandum opinion on rehearing and judgment dated December 8, 2011, and substitute the following in its place to delete an unnecessary paragraph.

# II. PROCEDURAL AND FACTUAL BACKGROUND

On April 1, 2010, after pleading guilty to eight felonies, Malone received eight separate sentences of twelve years' confinement with the sentences to run concurrently. Court costs were assessed in each of the eight judgments.[2] Although Malone initially indicated that he was not eligible for a court-appointed attorney, prior to pleading guilty he filed affidavits of indigency that stated that he had been unemployed for a year and had no income, no assets, and no expenses. The trial court found Malone indigent, appointed counsel, and at sentencing, assessed court-appointed attorneys' fees in two of the causes—$450

---

[2]A total of $3,150 in costs was assessed as follows: $730 in No. 02-10-00383-CV; $280 in No. 02-10-00384-CV; $280 in No. 02-10-00385-CV; $280 in No. 02-10-00386-CV; $270 in No. 02-10-00387-CV; $270 in No. 02-10-00388-CV; $270 in No. 02-10-00389-CV; and $770 in No. 02-10-00390-CV.

in cause number 02-10-00383-CV and $500 in cause number 02-10-00390-CV. Malone did not file any motions for new trial or appeal the judgments.

On May 18, 2010, the Tarrant County District Clerk prepared bills of cost for each case, and pursuant to government code section 501.014(f)(5), the trial court ordered that court costs from each judgment be withdrawn from Malone's inmate account on a schedule following the Texas Department of Criminal Justice's guidelines.[3]  Malone received a copy of the trial court's orders in early June 2010.  On August 5, 2010, Malone filed a pro se motion to rescind all eight of the orders to withdraw court costs from his inmate account.  The trial court denied Malone's motion in each case, found that Malone was "determined to not be indigent at the time of sentencing for purposes of the assessment of costs," and these appeals followed.

---

[3]This document is not an "order" in the traditional sense of a court order, judgment, or decree issued after notice and hearing in either a civil or criminal proceeding.  The controlling statute, Tex. Gov't Code Ann. § 501.014(e) (West Supp. 2011), describes the process as a "notification by a court" directing prison officials to withdraw sums from an inmate's trust account, in accordance with a schedule of priorities set by the statute, for the payment of "any amount the inmate is ordered to pay by order of the court."  *See id.* § 501.014(e)(1)–(6); *see also Harrell v. State*, 286 S.W.3d 315, 316 n.1 (Tex. 2009).  A withdrawal notification issued pursuant to section 501.014(e) triggers a trust fund withdrawal, serves as notice of the collection proceeding, and continues to operate unless the inmate takes action causing the notification to be withdrawn.  *Williams v. State*, 322 S.W.3d 301, 301 n.1 (Tex. App.—Amarillo 2010, order) (abating inmate's appeal), *disp. on merits*, 332 S.W.3d 694 (Tex. App.—Amarillo 2011, pet. denied).

3

### III. MALONE'S ISSUES

Malone, appearing pro se, raises six issues, which we condense and construe as follows: (1) the trial court's withdrawal orders violated statutory requirements and garnishment laws; (2) the trial court violated Malone's procedural due process rights by granting the orders without first giving him notice and holding a hearing; (3) the "extreme, unreasonable compounding" of the eight withdrawal orders was discriminatory, denied Malone equal protection under the law, and amounts to punishment; and (4) government code section 501.104(a) and code of criminal procedure article 26.05(g) are unconstitutionally vague and ambiguous about how courts are to enforce the statutes and the manner in which fees are to be collected.

### IV. WITHDRAWAL ORDERS

### A. Standard of Review

We review a trial court's denial of a motion contesting a withdrawal order for an abuse of discretion. *See Williams v. State*, 332 S.W.3d 694, 698 (Tex. App.—Amarillo 2011, pet. denied). To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004). An appellate court cannot conclude that a trial court abused its discretion merely because the appellate court would have ruled differently in the same circumstances. *E.I. du Pont de*

4

*Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995); *see also Low*, 221 S.W.3d at 620.

An abuse of discretion does not occur when the trial court bases its decisions on conflicting evidence and some evidence of substantive and probative character supports its decision. *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 97 (Tex. 2009); *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002). A trial court abuses its discretion if it misapplies the law to established facts. *State v. Sw. Bell Tel. Co.*, 526 S.W.2d 526, 528 (Tex. 1975); *In re Talco-Bogata Consol. Indep. Sch. Dist. Bond Election*, 994 S.W.2d 343, 347 (Tex. App.—Texarkana 1999, no pet.).

## B. Waiver

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Lovill v. State*, 319 S.W.3d 687, 691–92 (Tex. Crim. App. 2009). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (op. on reh'g).

Furthermore, constitutional errors generally are forfeited by failure to object in the trial court. *Curry v. State*, 910 S.W.2d 490, 496 & n.2 (Tex. Crim. App. 1995); *see Mendez*, 138 S.W.3d at 342. Neither an "as applied" challenge nor a facial challenge to the constitutionality of a statute can be raised for the first time on appeal. *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009) (holding a defendant may not raise for the first time on appeal a facial challenge to the constitutionality of a statute); *Curry*, 910 S.W.2d at 496 (holding appellant waived his "as applied" vagueness challenge because he did not specifically object at trial).

### C. Constitutionality Challenges Waived

Here, because Malone did not raise an "as applied" or a facial challenge to the constitutionality of government code section 501.104 or code of criminal procedure article 26.05 in his motion to rescind, he has not preserved this issue for our review. *See Karenev*, 281 S.W.3d at 434; *Curry*, 910 S.W.2d at 496. And because Malone did not raise an equal protection claim in his motions to rescind, this issue is likewise not preserved for our review. *See* Tex. R. App. P. 33.1. Accordingly, we overrule Malone's issues with respect to the constitutionality of section 501.104 and article 26.05 and with respect to Malone's equal protection claims.

### D. Challenges to Court Costs and Court-Appointed Attorneys' Fees Waived

Malone asserts that the trial court's withdrawal orders violate statutory requirements and garnishment laws. Specifically, he argues that because he

6

was indigent at sentencing, the trial court erred by ordering that he pay attorneys' fees and court costs.

Pursuant to code of criminal procedure article 26.05(g), if a trial court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided by a court-appointed attorney, the trial court shall order the defendant to pay "as court costs the amount it finds the defendant is able to pay." *See* Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2011). Without record evidence demonstrating a defendant's financial resources to offset the costs of legal services, however, a trial court errs if it orders reimbursement of court-appointed attorneys' fees. *Mayer v. State*, 309 S.W.3d 552, 553 (Tex. Crim. App. 2010). Unless a material change in a criminal defendant's financial resources is established by competent legal evidence, once that defendant has been found to be indigent, he is presumed to remain indigent for the remainder of the proceedings. Tex. Code Crim. Proc. Ann. art. 26.04(p) (West Supp. 2011); *Mayer*, 309 S.W.3d at 557.

The assessment of court costs and attorneys' fees as costs is a criminal proceeding; the manner in which those costs are withdrawn is a civil proceeding. *See Armstrong v. State*, 340 S.W.3d 759, 766 (Tex. Crim. App. 2011); *Harrell*, 286 S.W.3d at 319, 321. To contest the assessment of court costs and attorneys' fees, complaint must be made by direct appeal of the criminal judgment. *See generally Armstrong*, 340 S.W.3d at 766–67.

Here, Malone challenges the assessment of court costs and court-appointed attorneys' fees as costs, arguing that such costs should not have been assessed because he was indigent. Malone, however, did not file a direct appeal from the judgments in his criminal convictions. Instead, he initiated a civil action, which is not the appropriate vehicle for contesting the assessment of court costs and attorneys' fees. *See id.* Because Malone did not raise this issue in a direct appeal, he has thus waived his challenges to the assessment of court costs and attorneys' fees in all of the cause numbers here on appeal. We therefore overrule Malone's issues with respect to the trial court's orders authorizing withdrawal of these funds from Malone's inmate account.

## E. Procedural Due Process

Malone next complains that the trial court violated his procedural due process rights by granting the withdrawal orders without first giving him notice and holding a hearing.

The Fourteenth Amendment of the United States Constitution guards against deprivation of life, liberty, or property by the State without due process of law.[4] U.S. Const. amend XIV. A procedural due process claim must establish (1) an existing liberty or property interest and (2) the procedures provided were constitutionally insufficient. *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460, 109 S. Ct. 1904, 1908 (1989). A prison inmate has a property interest in his

---

[4]Malone raised the Texas Due Course of Law provision in his motion but does not raise it on appeal. Therefore, we do not consider it.

inmate account. *Harrell*, 286 S.W.3d at 319. Regarding withdrawals from an inmate account, due process requires that an inmate receive (1) notice via a copy of the withdrawal order or other notification from the trial court and (2) an opportunity to be heard, which can be satisfied by a motion made by the inmate. *Id.* at 321. But neither notice nor an opportunity to be heard need occur before the funds are withdrawn. *Id.*

The record before us establishes that each withdrawal order directed the withdrawal of funds from Malone's trust account to pay the court costs associated with each respective conviction, and the total amount of court costs for each case was specified in each corresponding judgment. Malone acknowledges that he received a copy of the trial court's withdrawal orders; thus, Malone received proper notice. *See In re Pannell*, 283 S.W.3d 31, 33 (Tex. App.—Fort Worth 2009, orig. proceeding). Additionally, this appeal is taken from the denial of Malone's motions to rescind; Malone has therefore been afforded an opportunity to be heard. *See id*. Accordingly, we hold that Malone has received procedural due process, and we overrule Malone's issues with respect to any claim that the withdrawal orders violated his procedural due process rights.

## V. CONCLUSION

Having overruled all of Malone's issues, we affirm the trial court's judgments.

SUE WALKER
JUSTICE

PANEL:  WALKER, MCCOY, and MEIER, JJ.

DELIVERED:  February 23, 2012

10