02-10-383--390-CV.REH









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NOS. 02-10-00383-CV

          02-10-00384-CV

          02-10-00385-CV

          02-10-00386-CV

          02-10-00387-CV

02-10-00388-CV

02-10-00389-CV

02-10-00390-CV

 

 


 
 
 michael L. Malone
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 THE State of Texas
 
 
  
 
 
 APPELLEE
 
 


 

 

------------

 

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM
OPINION[1] ON
REHEARING

----------

 

I.  Introduction

On
December 8, 2011, this court issued a memorandum opinion on rehearing granting
the State’s motion for rehearing and affirming all of the trial court’s
judgments because the propriety of the assessment of costs and court-appointed
attorneys’ fees as costs was not properly before this court.  Appellant Michael
L. Malone has now filed a motion for rehearing.  We deny Malone’s motion for
rehearing but withdraw our prior memorandum opinion on rehearing and judgment
dated December 8, 2011, and substitute the following in its place to delete an
unnecessary paragraph.

II.  Procedural and Factual Background

          On
April 1, 2010, after pleading guilty to eight felonies, Malone received eight
separate sentences of twelve years’ confinement with the sentences to run
concurrently.  Court costs were assessed in each of the eight judgments.[2]
 Although Malone initially indicated that he was not eligible for a court-appointed
attorney, prior to pleading guilty he filed affidavits of indigency that stated
that he had been unemployed for a year and had no income, no assets, and no
expenses.  The trial court found Malone indigent, appointed counsel, and at
sentencing, assessed court-appointed attorneys’ fees in two of the causes—$450
in cause number 02-10-00383-CV and $500 in cause number 02-10-00390-CV.  Malone
did not file any motions for new trial or appeal the judgments.

          On
May 18, 2010, the Tarrant County District Clerk prepared bills of cost for each
case, and pursuant to government code section 501.014(f)(5), the trial court
ordered that court costs from each judgment be withdrawn from Malone’s inmate
account on a schedule following the Texas Department of Criminal Justice’s
guidelines.[3]  Malone received a copy
of the trial court’s orders in early June 2010.  On August 5, 2010, Malone
filed a pro se motion to rescind all eight of the orders to withdraw court
costs from his inmate account.  The trial court denied Malone’s motion in each
case, found that Malone was “determined to not be indigent at the time of
sentencing for purposes of the assessment of costs,” and these appeals followed.

III.  Malone’s Issues

          Malone,
appearing pro se, raises six issues, which we condense and construe as follows: 
(1) the trial court’s withdrawal orders violated statutory requirements and
garnishment laws; (2) the trial court violated Malone’s procedural due process
rights by granting the orders without first giving him notice and holding a
hearing; (3) the “extreme, unreasonable compounding” of the eight withdrawal
orders was discriminatory, denied Malone equal protection under the law, and
amounts to punishment; and (4) government code section 501.104(a) and code of
criminal procedure article 26.05(g) are unconstitutionally vague and ambiguous
about how courts are to enforce the statutes and the manner in which fees are
to be collected.

IV.  Withdrawal Orders

A. 
Standard of Review

          We
review a trial court’s denial of a motion contesting a withdrawal order for an
abuse of discretion.  See Williams v. State, 332 S.W.3d 694, 698 (Tex.
App.—Amarillo 2011, pet. denied).  To determine whether a trial court abused
its discretion, we must decide whether the trial court acted without reference
to any guiding rules or principles; in other words, we must decide whether the
act was arbitrary or unreasonable.  Low v. Henry, 221 S.W.3d 609,
614 (Tex. 2007); Cire v. Cummings, 134 S.W.3d 835, 838–39 (Tex. 2004). 
An appellate court cannot conclude that a trial court abused its discretion
merely because the appellate court would have ruled differently in the same
circumstances.  E.I. du Pont de Nemours & Co. v. Robinson, 923
S.W.2d 549, 558 (Tex. 1995); see also Low, 221 S.W.3d at 620.

          An
abuse of discretion does not occur when the trial court bases its decisions on
conflicting evidence and some evidence of substantive and probative character
supports its decision.  Unifund CCR Partners v. Villa, 299 S.W.3d 92, 97
(Tex. 2009); Butnaru v. Ford Motor Co., 84 S.W.3d 198, 211 (Tex. 2002). 
A trial court abuses its discretion if it misapplies the law to established
facts.  State v. Sw. Bell Tel. Co., 526 S.W.2d 526, 528 (Tex. 1975); In
re Talco-Bogata Consol. Indep. Sch. Dist. Bond Election, 994 S.W.2d 343,
347 (Tex. App.—Texarkana 1999, no pet.).

B. 
Waiver

          To
preserve a complaint for our review, a party must have presented to the trial
court a timely request, objection, or motion that states the specific grounds
for the desired ruling if they are not apparent from the context of the
request, objection, or motion.  Tex. R. App. P. 33.1(a)(1); Lovill v. State,
319 S.W.3d 687, 691–92 (Tex. Crim. App. 2009).  Further, the trial court must
have ruled on the request, objection, or motion, either expressly or
implicitly, or the complaining party must have objected to the trial court’s
refusal to rule.  Tex. R. App. P. 33.1(a)(2); Mendez v. State, 138
S.W.3d 334, 341 (Tex. Crim. App. 2004).  A reviewing court should not address
the merits of an issue that has not been preserved for appeal.  Wilson v.
State, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (op. on reh’g).

          Furthermore,
constitutional errors generally are forfeited by failure to object in the trial
court.  Curry v. State, 910 S.W.2d 490, 496 & n.2 (Tex. Crim. App. 1995);
see Mendez, 138 S.W.3d at 342.  Neither an “as applied” challenge nor a
facial challenge to the constitutionality of a statute can be raised for the
first time on appeal.  Karenev v. State, 281 S.W.3d 428, 434 (Tex. Crim.
App. 2009) (holding a defendant may not raise for the first time on appeal a
facial challenge to the constitutionality of a statute); Curry, 910
S.W.2d at 496 (holding appellant waived his “as applied” vagueness challenge
because he did not specifically object at trial).

C. 
Constitutionality Challenges Waived

          Here,
because Malone did not raise an “as applied” or a facial challenge to the
constitutionality of government code section 501.104 or code of criminal procedure
article 26.05 in his motion to rescind, he has not preserved this issue for our
review.  See Karenev, 281 S.W.3d at 434; Curry, 910 S.W.2d at
496.  And because Malone did not raise an equal protection claim in his motions
to rescind, this issue is likewise not preserved for our review.  See
Tex. R. App. P. 33.1.  Accordingly, we overrule Malone’s issues with respect to
the constitutionality of section 501.104 and article 26.05 and with respect to Malone’s
equal protection claims.

D.  Challenges
to Court Costs and Court-Appointed Attorneys’ Fees Waived

          Malone
asserts that the trial court’s withdrawal orders violate statutory requirements
and garnishment laws.  Specifically, he argues that because he was indigent at
sentencing, the trial court erred by ordering that he pay attorneys’ fees and court
costs.

          Pursuant
to code of criminal procedure article 26.05(g), if a trial court determines
that a defendant has financial resources that enable him to offset in part or
in whole the costs of the legal services provided by a court-appointed
attorney, the trial court shall order the defendant to pay “as court costs the
amount it finds the defendant is able to pay.”  See Tex. Code Crim.
Proc. Ann. art. 26.05(g) (West Supp. 2011).  Without record evidence demonstrating
a defendant’s financial resources to offset the costs of legal services, however,
a trial court errs if it orders reimbursement of court-appointed attorneys’
fees.  Mayer v. State, 309 S.W.3d 552, 553 (Tex. Crim. App. 2010). 
Unless a material change in a criminal defendant’s financial resources is
established by competent legal evidence, once that defendant has been found to
be indigent, he is presumed to remain indigent for the remainder of the
proceedings.  Tex. Code Crim. Proc. Ann. art. 26.04(p) (West Supp. 2011); Mayer,
309 S.W.3d at 557.

          The
assessment of court costs and attorneys’ fees as costs is a criminal
proceeding; the manner in which those costs are withdrawn is a civil
proceeding.  See Armstrong v. State, 340 S.W.3d 759, 766 (Tex. Crim.
App. 2011); Harrell, 286 S.W.3d at 319, 321.  To contest the assessment
of court costs and attorneys’ fees, complaint must be made by direct appeal of
the criminal judgment.  See generally Armstrong, 340 S.W.3d at 766–67.

Here,
Malone challenges the assessment of court costs and court-appointed attorneys’
fees as costs, arguing that such costs should not have been assessed because he
was indigent.  Malone, however, did not file a direct appeal from the judgments
in his criminal convictions.  Instead, he initiated a civil action, which is
not the appropriate vehicle for contesting the assessment of court costs and
attorneys’ fees.  See id.  Because Malone did not raise this issue in a
direct appeal, he has thus waived his challenges to the assessment of court costs
and attorneys’ fees in all of the cause numbers here on appeal.  We therefore overrule
Malone’s issues with respect to the trial court’s orders authorizing withdrawal
of these funds from Malone’s inmate account.

E.  Procedural
Due Process

          Malone
next complains that the trial court violated his procedural due process rights
by granting the withdrawal orders without first giving him notice and holding a
hearing.

          The
Fourteenth Amendment of the United States Constitution guards against
deprivation of life, liberty, or property by the State without due process of
law.[4] 
U.S. Const. amend XIV.  A procedural due process claim must establish (1) an
existing liberty or property interest and (2) the procedures provided were
constitutionally insufficient.  Ky. Dep’t of Corr. v. Thompson, 490 U.S.
454, 460, 109 S. Ct. 1904, 1908 (1989).  A prison inmate has a property
interest in his inmate account.  Harrell, 286 S.W.3d at 319.  Regarding withdrawals
from an inmate account, due process requires that an inmate receive (1) notice
via a copy of the withdrawal order or other notification from the trial court
and (2) an opportunity to be heard, which can be satisfied by a motion made by
the inmate.  Id. at 321.  But neither notice nor an opportunity to be
heard need occur before the funds are withdrawn.  Id.

          The
record before us establishes that each withdrawal order directed the withdrawal
of funds from Malone’s trust account to pay the court costs associated with
each respective conviction, and the total amount of court costs for each case
was specified in each corresponding judgment.  Malone acknowledges that he
received a copy of the trial court’s withdrawal orders; thus, Malone received
proper notice.  See In re Pannell, 283 S.W.3d 31, 33 (Tex. App.—Fort
Worth 2009, orig. proceeding).  Additionally, this appeal is taken from the denial
of Malone’s motions to rescind; Malone has therefore been afforded an
opportunity to be heard.  See id.  Accordingly, we hold that Malone has
received procedural due process, and we overrule Malone’s issues with respect
to any claim that the withdrawal orders violated his procedural due process
rights.

V.  Conclusion

          Having
overruled all of Malone’s issues, we affirm the trial court’s judgments.

 

SUE WALKER

JUSTICE

 

PANEL: 
WALKER, MCCOY, and MEIER, JJ.

 

DELIVERED:  February 23,
2012

 









[1]See Tex. R. App. P. 47.4.





[2]A total of $3,150 in costs
was assessed as follows:  $730 in No. 02-10-00383-CV; $280 in No.
02-10-00384-CV; $280 in No. 02-10-00385-CV; $280 in No. 02-10-00386-CV; $270 in
No. 02-10-00387-CV; $270 in No. 02-10-00388-CV; $270 in No. 02-10-00389-CV;
and  $770 in No. 02-10-00390-CV.





[3]This document is not an
“order” in the traditional sense of a court order, judgment, or decree issued
after notice and hearing in either a civil or criminal proceeding.  The
controlling statute, Tex. Gov’t Code Ann. § 501.014(e) (West Supp. 2011),
describes the process as a “notification by a court” directing prison officials
to withdraw sums from an inmate’s trust account, in accordance with a schedule
of priorities set by the statute, for the payment of “any amount the inmate is
ordered to pay by order of the court.”  See id. § 501.014(e)(1)–(6);
see also Harrell v. State, 286 S.W.3d 315, 316 n.1 (Tex. 2009).  A
withdrawal notification issued pursuant to section 501.014(e) triggers a
trust fund withdrawal, serves as notice of the collection proceeding, and
continues to operate unless the inmate takes action causing the notification to
be withdrawn.  Williams v. State, 322 S.W.3d 301, 301 n.1 (Tex.
App.—Amarillo 2010, order) (abating inmate’s appeal), disp. on merits,
332 S.W.3d 694 (Tex. App.—Amarillo 2011, pet. denied).





[4]Malone raised the Texas
Due Course of Law provision in his motion but does not raise it on appeal. 
Therefore, we do not consider it.