

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-301-CV

IN RE RADFORD R. PANNELL                                    RELATOR

------------

ORIGINAL PROCEEDING

------------

## OPINION

------------

This is an original proceeding in which relator Radford R. Pannell—a pro se inmate incarcerated in the Texas Department of Criminal Justice-Institutional Division ("the Department")—challenges the trial court's orders requiring the Department to withdraw funds from his inmate trust account to pay for court costs that he was ordered to pay as a result of his convictions. According to Pannell, the trial court violated his due process rights by rendering the order in accordance with Texas Government Code section 501.014(e) without giving him prior notice and an opportunity to be heard. The court has considered

relator's petition for writ of mandamus and is of the opinion that relief should be denied. Accordingly, relator's petition for writ of mandamus is denied.

## Background

On March 28, 2008, Pannell was convicted of multiple felonies and sentenced to serve five concurrent fifteen-year sentences. Each of the five judgments awarded court costs of $276.00. While serving his sentences in prison, Pannell opened an inmate trust account provided by the Department. On April 9, 2008, the trial court entered three ex parte inmate trust fund withdrawal orders, and on April 15, 2008, the trial court entered orders on the two remaining judgments. Each order indicated that court costs in the amount of $276.00 was due for its corresponding judgment and specified a formula for determining the amount of each periodic withdrawal from Pannell's inmate trust account. Each order also specified that the withdrawals would continue until the total amount of court costs in each respective case was paid. Each order further specified that, "[o]n receipt of a copy of this Order, the Inmate Trust Fund Supervisor shall withdraw money from the account of the inmate, hold same in a separate account, and forward said money to the District Clerk of Tarrant County."

The trial court's withdrawal orders all indicate that they are based on Texas Government Code section 501.014(f)(5), which allows the Department

to withdraw from an inmate's trust account any amount the inmate is ordered to pay by order of the court, "as directed by court order in accordance with Subsection (e)." *See* Tex. Gov't Code Ann. § 501.014(e), (f)(5) (Vernon 2004). Subsection (e) directs the withdrawal of funds from an inmate trust account by the Department upon "notification by a court" in satisfaction of six different kinds of debts, including payment of court fees and costs, in order of priority. *See id*. § 501.014(e). The record before us establishes that each withdrawal order directed the withdrawal of funds from Pannell's trust account to pay the court fees and costs associated with each respective conviction, and the total amount of court fees and costs for each case was specified in each corresponding judgment.

On or about May 14, 2008, Pannell received a copy of the court's withdrawal orders in the mail. The record reflects that the first withdrawal from his trust account occurred on June 17, 2008. He then filed his petition for writ of mandamus.

In his petition, Pannell, acting pro se, complains that he was not afforded procedural due process prior to the State's withdrawal of the funds. Specifically, he argues that he was entitled to notice and that he "did not receive any notice of any kind *before* his receipt of the above mentioned 'withdrawal orders,' nor any notice after." (emphasis added). Pannell does not

3

indicate how or why error exists except to argue that the State was required to follow the garnishment procedures set forth in the Texas Rules of Civil Procedure prior to withdrawing the funds from his inmate trust account, which it failed to do. Pannell contends this failure to follow the garnishment procedures resulted in a violation of his due process rights as set forth in the United States Constitution and the Texas Code of Criminal Procedure. *See* U.S. Const. amend XIV; Tex. Code Crim. Proc. Ann. art. 1.04 (Vernon 2005). Pannell asks this Court to enter an order vacating the five withdrawal orders because of the lack of due process and asks us to order any money removed from his trust account be returned to that account.

**Jurisdiction**

The court of criminal appeals has recently held complaints such as Pannell's do not involve a criminal matter; therefore, we may not address such issues in a direct appeal from a criminal conviction. *See Johnson v. Tenth Jud. Dist. Ct. of App. at Waco*, No. AP-75898, 2008 WL 4724104, at *6 (Tex. Crim. App. Oct. 29, 2008).[1] Accordingly, we must decide whether this is an appealable civil proceeding or whether mandamus is appropriate.

---

[1] The Texas Supreme Court is currently considering the same issues in a direct civil appeal in *Harrell v. State*, No. 07-0806 (Tex., filed Oct. 1, 2007) (argued on Nov. 13, 2008).

**Standard of Review**

Mandamus relief is proper only to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Mandamus therefore will not issue unless Pannell lacks an adequate remedy by appeal absent extraordinary circumstances not implicated here. *In re Van Waters & Rogers, Inc.*, 145 S.W.3d 203, 210–11 (Tex. 2004) (citing *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992)). Determining whether an appeal is an adequate remedy requires the careful balancing of jurisprudential considerations. *Prudential Ins. Co.*, 148 S.W.3d at 135–36. An appellate remedy is adequate when any benefits to mandamus review are outweighed by the detriments. *Id.* When the benefits outweigh the detriments, we must conduct further analysis. *Id.* Whether an appellate remedy is adequate so as to preclude mandamus review depends heavily on the circumstances presented. *Id.* at 137. An appeal is inadequate for mandamus purposes when parties are in danger of permanently losing substantial rights, such as when the appellate court would not be able to cure the error, the party's ability to present a viable claim or defense is vitiated, or the error cannot be made part of the appellate record. *Van Waters & Rogers*, *Inc.*, 145 S.W.3d at 210–11; *Walker*, 827 S.W.2d at 843–44.

**Adequate Remedy by Appeal**

The withdrawal orders issued by the trial court allow the Department to withdraw money from Pannell's trust account for payment to the Tarrant County district clerk for the amounts specified by the court orders. *See* Tex. Gov't Code Ann. § 501.014(e), (f)(5). We note that each withdrawal order is similar to the execution of a post-judgment order.[2] *See* Tex. R. Civ. P. 621–656. The Code of Criminal Procedure specifically states that costs assessed in criminal judgments, such as in this case, may be collected through a civil execution process. Tex. Code Crim. Proc. Ann. art. 43.07 (Vernon Supp. 2008); *Johnson*, 2008 WL 4724104, at *4; *Reed v. State,* 269 S.W.3d 619, 623 (Tex. App.—San Antonio 2008, no pet.).[3] Moreover, in *Johnson*, the court of criminal appeals held that orders issued under section 501.014(e) are civil in nature and, thus, directly appealable to the intermediate courts of appeal. *Johnson*, 2008 WL 4724104, at *5–6.

---

[2] The procedures to be followed in executing on a judgment are set out in Part VI, Section 3 of the Texas Rules of Civil Procedure. *See* Tex. R. Civ. P. 621–656.

[3] Specifically, Article 43.07 provides, "In each case of pecuniary fine, an execution may issue for the fine and costs. . . . The execution shall be collected and returned as in civil actions." Tex. Code Crim. Proc. Ann. art. 43.07.

In civil actions, a post-judgment order that disposes of all matters placed before the trial court is a final and appealable order. *See Allen v. Allen*, 717 S.W.2d 311, 313 (Tex. 1986); *Cook v. Stallcup*, 170 S.W.3d 916, 920 (Tex. App.—Dallas 2005, no pet.) (stating that post-judgment orders enforcing the trial court's judgment are appealable orders). Consequently, the withdrawal orders are final appealable orders. Next we turn to the legal remedies that were available to Pannell.

Pannell had three adequate legal remedies available, none of which he utilized: (1) direct appeal; (2) restricted appeal; and (3) bill of review. *See* Tex. R. App. P. 25.1, 30; Tex. R. Civ. P. 306a, 329b(f); *Ross v. Nat'l Ctr. for the Employment of the Disabled*, 197 S.W.3d 795, 797 (Tex. 2006); *Caldwell v. Barnes*, 154 S.W.3d 93, 96–97 (Tex. 2004); *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *Etheredge v. Hidden Valley Airpark Ass'n*, 169 S.W.3d 378, 380–81 (Tex. App.—Fort Worth 2005, pet. denied); *Clopton v. Pak*, 66 S.W.3d 513, 515 (Tex. App.—Fort Worth 2001, pet. denied).

Pannell received notice of the five withdrawal orders on or about May 14, 2008.[4] The postjudgment timetables, including the period of the trial court's

---

[4] Pannell received three April 9, 2008 orders thirty-six days after they were signed and two April 15, 2008 orders twenty-nine days after they were signed.

7

plenary power to grant a new trial, or to vacate, modify, correct or reform a judgment or order and for filing in the trial court various documents including, motions for new trial, motions to modify judgment, and motions to vacate a judgment typically begin on the date that the judgment or order is signed. *See* Tex. R. Civ. P. 306a(1); *Mem'l Hosp. of Galveston County v. Gillis*, 741 S.W.2d 364, 365 (Tex. 1987); *Nathan A. Watson Co. v. Employers Mut. Cas. Co.*, 218 S.W.3d 797, 800 (Tex. App.—Fort Worth 2007, no pet.). Thus, Pannell's notice of appeal would have been due on May 15, 2008. However, if a party adversely affected by the judgment or other appealable order does not receive notice from the district clerk or acquire actual knowledge of the judgment or order within twenty days of the signing of the judgment or order, the postjudgment timetables begin on the date that the party or its attorney received notice or actual knowledge of the order, provided that the party (1) complies with the sworn motion, notice, and hearing requirements mandated by Rule 306a(5), and (2) proves that he received the notice of judgment or order more than twenty but less than ninety-one days after it was signed. *See* Tex. R. Civ. P. 306a(4)–(5); *Mem'l Hosp. of Galveston County*, 741 S.W.2d at 365; *Nathan A. Watson Co.*, 218 S.W.3d at 800. Because Pannell received notice of each of the five withdrawal orders more than twenty days from the date each order was signed, he could have filed a sworn motion to establish a

8

prima facie case that he lacked timely notice to invoke the trial court's jurisdiction. *See* Tex. R. Civ. P. 306a(5); *Cont'l Cas. Co. v. Davilla*, 139 S.W.3d 374, 379 (Tex. App.—Fort Worth 2004, pet. denied); *Grondona v. Sutton*, 991 S.W.2d 90, 91–92 (Tex. App.—Austin 1998, pet. denied). However, his notice of appeal would have then been due by June 13, 2008. *See* Tex. R. Civ. P. 306a(4)–(5). Because Pannell did not avail himself of the procedures afforded by rule 306a, he lost his opportunity to file a direct appeal. *Id*. A party's failure to comport with these rules which would have given him the time to file his notice of appeal is not a sufficient excuse to justify issuance of mandamus. *See In re Tex. Dep't of Family & Protective Servs.*, 210 S.W.3d 609, 614 (Tex. 2006).

It also appears that Pannell could have filed a restricted appeal. *See* Tex. R. App. P. 26.1(c), 30. In order to pursue a restricted appeal, the party must demonstrate the following: (1) initiation of an appeal within six months after the trial court signed the judgment or order; (2) the appellant was a party to the suit; (3) the appellant did not participate in the hearing that resulted in the judgment complained of; (4) the appellant did not timely file a post-judgment motion or request for findings of fact and conclusions of law or file a notice of appeal within the time permitted by Rule 26.1(c) of the Texas Rules of Appellate Procedure; and (5) error appears on the face of the record. *See* Tex.

9

R. App. P. 26.1(c), 30; *Alexander*, 134 S.W.3d at 848; *Etheredge*, 169 S.W.3d at 380–81; *Clopton*, 66 S.W.3d at 515. However, Pannell did not file a restricted appeal within the applicable time period and thus lost the opportunity to do so. *See* Tex. R. App. P. 30; *Clopton*, 66 S.W.3d at 515–16.

Moreover, based on Pannell's argument that he was deprived of due process, he also could have satisfied the requirements for filing a bill of review. *See* Tex. R. Civ. P. 329b(f); *Ross*, 197 S.W.3d at 797. A bill of review requires proof of three elements: (1) a meritorious defense, (2) that was not asserted due to fraud, accident, or wrongful act of an opponent or official mistake, (3) unmixed with any fault or negligence by the movant. *See Ross*, 197 S.W.3d at 797; *Baker v. Goldsmith*, 582 S.W.2d 404, 406–07 (Tex. 1979). The Texas Supreme Court has held that a defendant who is not served with process is entitled to a bill of review without a further showing, because the Constitution discharges the first element, and lack of service establishes the second and third. *See Ross*, 197 S.W.3d at 797; *Caldwell*, 154 S.W.3d at 96–97. Pannell has not filed a bill of review.

The orders in this case are final and appealable orders. *See* Tex. Gov't Code Ann. § 501.014(e), (f); *Reed*, 269 S.W.3d at 624. Although Pannell had several adequate appellate remedies of which to avail himself in contesting the orders, he instead sought mandamus relief. Mandamus is not available if

10

another remedy, though it would have been adequate, was not timely exercised. *See In re Tex. Dep't of Family & Protective Servs*., 210 S.W.3d at 614. Thus, we conclude and hold that Pannell had an adequate legal remedy and is therefore not entitled to mandamus relief. Pannell's petition is denied.


                                            TERRIE LIVINGSTON
                                            JUSTICE

PANEL: LIVINGSTON, DAUPHINOT, and WALKER, JJ.

DELIVERED: February 25, 2009