In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-11-00095-CV

                                                ______________________________

 

 

 

                                            IN
RE:  OLIVER WENDELL HART, III

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                                        Opinion
by Justice Moseley

                                                                              

                                                                              








                                                                   O P I N I O N

 

            By this original
proceeding, Relator, Oliver Wendell Hart, III,
appearing pro se, seeks a  writ of
mandamus asking this Court to “REVERSE the void order” of the Fifth Judicial
District Court of Bowie County, Texas, and requesting that all withdrawn funds
from his inmate trust account be returned to that account.  The withdrawal notification in question
directs the Texas Department of Criminal Justice, pursuant to Section
501.014(e) of the Texas Government Code,[1] to
collect $10,238.00 from Hart’s trust fund account to pay a fine and court costs
incurred in cause number 04F0275-005, styled The State of Texas v. Hart, Oliver Wendell III.  See
Tex. Gov’t
Code Ann. § 501.014(e).  For the
reasons stated herein, we deny Hart’s request. 


Background

            Hart was
convicted of the offense of manufacture of a controlled substance in cause
number 04F0275-005 and was sentenced to serve thirty years in the Texas
Department of Criminal Justice—Institutional Division (TDCJ).  Hart was also fined $10,000.00 and was ordered
to pay court costs of $238.00.  The final
judgment of conviction was entered on May 24, 2005.  

            In July 2008,
Hart was released from confinement and placed on parole.  While on parole, Hart committed a second
drug-related offense.  Hart was convicted
for the second offense in the Fifth Judicial District Court of Bowie County,
cause number 06F0380-005 and was sentenced to serve forty-five years in the TDCJ.  The final judgment in that case was entered
on January 28, 2010.  No fine was assessed,
but Hart was ordered to pay court costs of $233.00.  

            On August 23,
2010, the trial court entered an “Order to Withdraw Funds”[2] in
cause number 04F0275-005, directing the TDCJ to levy against Hart’s inmate account
for payment of the fine and court costs assessed against him.[3]  The withdrawal notification was entered
pursuant to Section 501.014 of the Texas Government Code.

            In his petition,
Hart complains that he was not afforded procedural due process prior to the State’s
withdrawal of funds.  Specifically, he
contends the withdrawal notification was entered “without warning, pleadings,
or notification to relator against relator’s Constitutional rights.”  Hart further complains that at the time the
withdrawal notification was entered in August 2010, he was on parole for the
offense from which the order stems.  Hart
claims the withdrawal notification is void. 


            On April 13,
2011, Hart filed a “Motion to Correct Void Judgment Entered in by the Fifth
Judicial District Court to Withdraw Funds From Inmate’s Account After His
Release on Parole,” asking the court to withdraw its withdrawal
notification.  On April 19, 2011, the
trial court entered an order overruling defendant’s objections to the
withdrawal notification.  

            In Harrell, the Texas Supreme Court held that a
withdrawal notification directing prison officials to withdraw money from an
inmate trust account pursuant to Section 501.014(e) is a civil matter akin to a
garnishment action or an action to obtain a turnover order.  Harrell, 286 S.W.3d at 317–19; see also Johnson v. Tenth Judicial
Dist. Court of Appeals at Waco,
280 S.W.3d 866, 869 (Tex. Crim. App. 2008) (orig. proceeding) (holding
withdrawal of funds from inmate trust accounts not criminal matter).  The Harrell court held that due process
entitles an inmate to receive notice and an opportunity to be heard, even
though those requirements might be accorded the inmate after funds are
withdrawn.  Harrell, 286 S.W.3d at 321.  Discussing the due process accorded to the
appellant, the court balanced the three factors discussed in Mathews v.
Eldridge, 424 U.S. 319, 335
(1976), and found that Harrell had “already received some measure of due
process.”  Harrell, 286 S.W.3d at 320.  Because Harrell had received notice (a copy of
the withdrawal notification) and an opportunity to be heard (a motion to
rescind), the court concluded he had received all that due process required.[4]  Id. at 321.  The court added, “The
Constitution does not require pre-withdrawal notice or a comprehensive civil
garnishment proceeding.”  Id.

Jurisdiction

            Because Hart’s complaint does not involve a
criminal matter, it cannot be addressed as a direct appeal from a criminal
conviction.  See Johnson, 280 S.W.3d at 874. 
Accordingly, we must determine whether this is an appealable civil
proceeding or whether mandamus is appropriate. 
See In re Pannell, 283 S.W.3d
31, 34 (Tex. App.—Fort Worth 2009, orig. proceeding).  

Standard of Review

            We may grant a
petition for writ of mandamus when the relator shows
that there is no adequate remedy at law to redress the alleged harm and that
the act to be compelled is purely ministerial. 
Aranda v. Dist. Clerk, 207 S.W.3d 785, 786
(Tex. Crim. App. 2006) (orig. proceeding). 
An order entered without due process is void.  Cf. In re Taylor, 130 S.W.3d 448, 449 (Tex. App.––Texarkana 2001, orig.
proceeding); cf. also Abdullah v. State, 211 S.W.3d 938, 942 (Tex. App.––Texarkana 2007, no pet.)
(order removing funds from inmate’s account did not afford procedural due
process for inmate’s property interest).  Mandamus relief may be afforded where the
trial court’s order is void.  In re
Acceptance Ins. Co., 33
S.W.3d 443, 454 (Tex. App.—Fort Worth 2000, orig. proceeding); see also Dikeman v. Snell,
490 S.W.2d 183, 186 (Tex. 1973) (orig. proceeding) (providing mandamus relief
for void nunc pro tunc
judgment entered after original judgment had become final).  If the subject notification is void, the relator need not show he did not have an adequate appellate
remedy, and mandamus relief is appropriate.  In re Sw. Bell Tel. Co., 35 S.W.3d 602, 605 (Tex. 2000)
(orig. proceeding).

Withdrawal Notification Is Not Void

            Hart contends the
trial court violated his procedural due process rights when it ordered the
withdrawal of funds from his inmate trust account “without warning, pleadings,
or notification to relator against relator’s Constitutional rights.”  Texas courts have long recognized that
prisoners have a property interest in their inmate trust accounts.  Harrell,
286 S.W.3d at 319.  The Texas Supreme
Court has held that an inmate is entitled to notice via copy of the withdrawal
order, or other notification from the trial court, and an opportunity to be
heard.  Id. at 321.  Further, neither
notice nor the opportunity to be heard need occur before the funds are
withdrawn.  Id.  In
this case, Hart received a copy of the withdrawal notification from the trial
court.  Thus, according to Harrell, Hart received notice sufficient
to justify the requirement of due process. 


            In Harrell, the defendant filed a motion to
rescind the trial court’s order of withdrawal. 
That motion was denied, thus satisfying the second prong of the due
process analysis.  Id. at 320.  

In this case, after having received a copy of the withdrawal
notification (filed of record on August 23, 2010), Hart filed a motion to
correct the notification on April 13, 2011.  The trial court entered an order overruling Hart’s
objections to the withdrawal notification. 
Thus, again in accord with Harrell,
Hart was accorded an opportunity to be heard. 
The second prong of the due process analysis is therefore
satisfied.  Id.

            Next, Hart contends the notification is
void because at the time it was entered (in August 2010), Hart’s parole for the
underlying offense for which the fine and court costs were rendered had not
been revoked.  In other words, Hart was
technically “on parole” for the subject offense (even though he was
incarcerated at the time of the order for the second offense).  Hart supports this assertion with two
arguments.  First, Hart relies on Ex parte Kuester,
21 S.W.3d 264 (Tex. Crim. App. 2000) (orig. proceeding), and Tex. Gov’t Code Ann.
§ 508.150 (West 2004), for the proposition that his conviction ceased to exist
once he was placed on parole.  Second,
Hart relies on the language of the notification itself, which states that
payment is to continue until “paid, or the offender is released from
confinement.”  

            Section 508.150
of the Texas Government Code addresses consecutive felony sentences and
requires a parole panel to designate the date the inmate would have been
eligible for release on parole:  

[T]he judgment and sentence of an inmate
sentenced for a felony, other than the last sentence in a series of consecutive
sentences, cease to operate:

            (1)        when the actual calendar time served by
the inmate equals the sentence imposed by the court; or 

            (2)        on the date a parole panel designates as
the date the inmate would have been eligible for release on parole if the
inmate had been sentenced to serve a single sentence.  

 

Tex. Gov’t Code
Ann. § 508.150 (West 2004).  Kuester does not,
however, indicate that a conviction “ceases to exist” when the inmate is placed
on parole.  In such a situation, a
sentence imposed as a result of a conviction “ceases to operate.”  Kuester, 21 S.W.3d at 270–72.  In any event, the authority upon which Hart
relies does not indicate that a withdrawal notification becomes void when an
inmate is placed on parole.  

            Hart also relies
on the language of the notification, which directs payment to continue until “paid,
or the offender is released from confinement.”  There is nothing in Section 501.014 which
prohibits collection of fines and court costs from being levied during a
defendant’s subsequent stay in prison.  See Tex.
Gov’t Code Ann. § 501.014 (West 2010).  The judgment specifically assessed a fine of
$10,000.00 and court costs of $238.00.  Section
501.014 specifically provides for the recovery of those sums from an inmate’s
account.  Moreover, there is no authority
to indicate the notification is rendered void when an inmate is released and is
then reincarcerated. 


            For the foregoing
reasons, we decline to find the withdrawal notification void.  Mandamus directing the trial court to “reverse
the void order” is thus not supported by the facts or by the law.  Moreover, Hart has heretofore objected to the
notification and the trial court issued an order overruling those
objections.  Thus, it appears Hart has an
adequate remedy at law in the appeal of the order overruling his objections. 

Adequate Remedy at Law

            Generally, appellate review of withholding
notifications is by appeal.  See Harrell, 286 S.W.3d at 321; Pannell, 283 S.W.3d at 36 (denying
mandamus relief from withdrawal notification because remedy is by appeal).  “Whether an appellate remedy is adequate so
as to preclude mandamus review depends heavily on the circumstances presented.”  Pannell,
283 S.W.3d at 34 (citing In re Prudential
Ins. Co. of Am., 148 S.W.3d 124, 137 (Tex. 2004) (orig. proceeding)).  Orders issued under Section 501.014(e) are
civil, and, therefore, directly appealable to the intermediate courts of appeals.  Johnson,
280 S.W.3d at 872–74.  

            Because the order
overruling Hart’s objections to the withdrawal notification was issued pursuant
to Section 501.014, the remedy of direct appeal was available to him.  The “Order Overruling Defendant’s Objections
to Order to Withdraw Funds” was signed by the trial court on April 19, 2011.  In order to perfect his civil appeal of this
matter, Hart was required to file a notice of appeal within thirty days of
April 19, 2011.  See Tex. R. App. P.
26.1.[5]  Hart failed to comply with this
deadline.  

            The record does
not indicate when Hart received notice of this order.  If Hart did not receive this order or have
actual notice of it within the time frame in which to file his appeal, he
nevertheless had available to him the procedures set forth in Rules 306a(4) and
(5).[6]  Given the appropriate circumstance, Hart may
also have been entitled to file a restricted appeal.  See Tex. R. App. P. 26.1.[7]

            Because Hart did
not avail himself of the procedures available to file a notice of appeal, he
lost the opportunity to file a direct appeal even though that avenue was
available to him.  Failure to comply with
rules which would have given Hart time to file his notice of appeal “is not a
sufficient excuse to justify issuance of mandamus.”  Pannell,
283 S.W.3d at 35.  Mandamus is not
available if another remedy, though it would have been adequate, was not timely
exercised.  In re Tex. Dep’t of Family & Protective Servs.,
210 S.W.3d 609, 614 (Tex. 2006) (orig. proceeding).

            The order
overruling Hart’s objections to the withdrawal notification is final and
appealable.  See Harrell, 286 S.W.3d at 321. 
Because Hart had an adequate remedy by appeal,[8] his
petition for writ of mandamus is denied. 


            

                                                                        

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          September 28, 2011

Date Decided:             September 29, 2011

 

 











[1]This
section of the Texas Government Code provides, “On notification by a court, the
department shall withdraw from an inmate’s account any amount the inmate is
ordered to pay by order of the court under this subsection.”  This section of the Texas Government Code
further sets forth a schedule of priorities by which withdrawals and payments
shall be made.  Tex. Gov’t Code Ann. § 501.014(e)
(West Supp. 2010).





[2]This
document is not an “order” in the traditional sense of a court order or
judgment issued after notice and hearing in either a civil or criminal
proceeding.  The controlling statute, Tex. Gov’t Code Ann.
§ 501.014(e), describes the process as a “notification by a court” directing
prison officials to withdraw sums from an inmate’s account, in accord with a
schedule of priorities set by the statute, for the payment of “any amount the
inmate is ordered to pay by order of the court.”  See Tex. Gov’t Code Ann.
§ 501.014(e)(1)–(6); see also Harrell v.
State, 286 S.W.3d 315, 316 n.1 (Tex. 2009). 
The Amarillo court has described this document as akin to a judgment
nisi, because such a judgment

 

is
a provisional judgment entered when an accused fails to appear for trial.  A judgment nisi triggers the issuance of a capias and it serves as notice of the institution of a bond
forfeiture proceeding.  It is not final
or absolute, but may become final.  See Safety Nat’l Cas.
Corp. v. State, 273 S.W.3d 157, 163 (Tex. Crim. App. 2008).  Nisi means “unless,” so a judgment nisi is
valid unless a party takes action causing it to be withdrawn.  Id.  Similarly, a withdrawal notification issued
pursuant to § 501.014(e), triggers the withdrawal from an inmate account,
serves as notice of the collection proceeding, and continues to operate unless
the inmate takes action causing the notification to be withdrawn.  Therefore, rather than refer to that document
as an order, we prefer to use the term “withdrawal notification” to avoid
confusion with an underlying court order or judgment actually ordering the
payment of a sum certain, falling within at least one of the six priority
categories listed in the statute.

 

Snelson v. State, 07-10-0259-CV, 2010 WL
4539376, at *1 n.1 (Tex. App.––Amarillo Nov. 10, 2010, no pet.) (per curiam).

 





[3]The
order to withdraw notification provides:

 

THE COURT ORDERS that payment be
made out of the offender’s Inmate Trust Account as follows:

Pay an initial amount equal to the
lesser of:

(1)           15% of the account balance up to and
including $100, plus 25% of any portion of the account balance that is between
$100.01 and $500 inclusive, plus 50% of any portion of the account balance that
is more than $500; or

(2)           The total amount of court costs, fees
and/or fines and/or restitution that remains unpaid.

After the payment of the initial
amount, the offender shall pay an amount equal to the lesser of:

(1)           10% of each deposit in the Inmate
Trust Account; or

(2)           The total amount of court costs, fees
and/or fines and/or restitution that remains unpaid.  

Payments are to continue until the
total amount of the court costs, fees and/or fines and/or restitution are paid,
or the offender is released from confinement.





[4]In
contrast to this case, the trial court in Harrell
ruled on the motion to rescind; the Texas Supreme Court affirmed the trial
court’s order denying Harrell’s objections to the withdrawal orders.  Harrell, 286 S.W.3d at 316.





[5]This
Court has not been provided with any post-judgment motions or requests which
would extend the time for filing a notice of appeal.

 





[6]If
a party adversely affected by an appealable order, such as the one at issue
here, does not receive notice from the district clerk or acquire actual
knowledge of the order within twenty days of the date it was signed, the
post-judgment timetables begin on the date the party received notice of the
order, provided the affected party complies with the requirements of Rule 306a
of the Texas Rules of Civil Procedure, if notice or actual knowledge is
obtained within ninety days of the date the order was signed.  Tex.
R. Civ. P. 306a(4).  Nothing in
the record before this Court indicates Hart filed a sworn motion and notice
indicating the date on which he actually received the order.  See
Tex. R. Civ. P. 306a(5).  

 





[7]In
the circumstance notice of an appealable order is not received until all
appellate deadlines have passed, a litigant may be entitled to file a bill of
review.  See Tex. R. Civ. P.
329b(f). 





[8]Hart
has submitted no evidence that he did not receive the order in sufficient time
to exercise any appellate remedy.