# NO. 12-12-00263-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JOHN JOHNSON,*<br>*APPELLANT* | § | *APPEAL FROM THE THIRD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

John Johnson appeals from his conviction for possession of a prohibited item in a correctional facility. In one issue, Appellant argues that the evidence is insufficient to support the trial court's order garnishing his inmate trust account to pay court costs and a fine. We dismiss in part and affirm in part.

### BACKGROUND

Appellant was convicted of possessing a cellular telephone while in prison. The jury assessed a sentence of imprisonment for four years and a fine of $5,000. The trial court imposed that sentence. In the judgment of conviction, the trial court assessed court costs in the amount of $375. In a separate document, the trial court ordered that Appellant's inmate trust account be garnished to pay a total of $5,375.[1] That amount represented the $5,000 fine imposed by the jury and court costs of $375. Appellant filed notice of appeal stating that he wished to appeal from the "judgment of conviction."

---

[1] The court ordered an immediate payment of fifteen percent of the first one hundred dollars in the account, twenty-five percent of the next four hundred dollars, and fifty percent of any amount over five hundred dollars. The court also ordered ten percent of each additional deposit into the account to be applied to the outstanding balance.

## PAYMENT OF FINES AND COSTS

In a single issue, Appellant argues that there is insufficient evidence to support the trial court's "assessment and garnishment order." Specifically, Appellant argues that the trial court was obligated by Texas Code of Criminal Procedure Section 26.05(g) to conduct a hearing into his ability to pay a fine, court costs, and the costs of his legal representation. We have construed this broadly as an argument that both the garnishment order and the imposition of the fine and costs were improper.

Appellant's notice of appeal vested this court with jurisdiction to consider the judgment of conviction and the sentence in this case. *See* TEX. R. APP. P. 25.2 (governing right to and perfection of appeal in criminal case); *Stansberry v. State*, 239 S.W.3d 260, 263 (Tex. Crim. App. 2007). The validity of a garnishment order may only be challenged in a civil appeal. *See Harrell v. State*, 286 S.W.3d 315, 317-19 (Tex. 2009), *Johnson v. Tenth Judicial District Court of Appeals at Waco*, 280 S.W.3d 866, 873-74 (Tex. Crim. App. 2008); *In re Pannell*, 283 S.W.3d 31, 34-35 (Tex. App.–Fort Worth 2009, no pet.); *Reed v. State*, 269 S.W.3d 619, 624 (Tex. App.–San Antonio 2008, no pet.). Accordingly, we lack jurisdiction to consider the portion of Appellant's argument that challenges the garnishment order. Therefore, we dismiss this part of Appellant's issue for want of jurisdiction.

The sufficiency of the evidence supporting an order to pay fees is a criminal law matter and may be challenged on direct appeal from a conviction in a criminal case. *See Armstrong v. State*, 340 S.W.3d 759, 766 (Tex. Crim. App. 2011). In *Armstrong*, the court of criminal appeals reversed a decision holding that a challenge to the imposition of attorney's fees was a civil law matter. *Id*. Instead, citing Article 26.05(g) and its decision in *Mayer v. State*, 309 S.W.3d 552 (Tex. Crim. App. 2010), the court held that the sufficiency of the evidence to support the costs could be considered in a direct appeal from a criminal conviction. *See Armstrong*, 340 S.W.3d at 766 & n.13.

Appellant is correct that Section 26.05(g) predicates the court's ordering payment of the costs of legal services on a determination that the defendant has the financial resources to offset those costs. TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West 2012) ("If the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs, the court shall order the defendant to pay during the pendency of the charges or, if convicted, as court costs the amount that it finds the defendant is able to pay."). In the *Mayer* decision, the court held that a "defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering

reimbursement of costs and fees." **Mayer**, 309 S.W.3d at 556–57. Because the record in that case lacked any evidence of the defendant's ability to pay for legal services, the court did not disturb the court of appeals' decision striking the portion of the judgment that ordered reimbursement for the cost of legal services. **Id**. at 557.

By contrast, the trial court in this case did not order Appellant to pay the cost of the legal services provided to him. The trial court ordered Appellant to pay, prospectively, the court costs and the fine. Unlike it did for legal services reimbursement, the legislature has not preconditioned the collection of court costs or fines on an inmate's ability to pay. *See* TEX. GOV'T CODE ANN. §§ 102.021 (court costs on conviction), 501.014(e)(5) (withdrawal pursuant to court order) (West 2012). Accordingly, this case is like **Williams v. State**, 332 S.W.3d 694, 700 (Tex. App.–Amarillo 2011, pet. denied), in which the trial court did not assess fees for an attorney to an indigent defendant but did assess a fine and costs. The court of appeals noted that "[s]uch fees are properly collectable by means of a withdrawal notification regardless of a defendant's ability to pay." **Id**.

Because Appellant's ability to pay is not an element necessary to support the imposition of a fine or court costs, the trial court's judgment imposing a fine and court costs is supported by sufficient evidence. We overrule the portion of Appellant's sole issue relating to the imposition of the fine and costs.

### DISPOSITION

Having dismissed Appellant's sole issue in part and overruled it in part, we ***affirm*** the judgment of the trial court.

**BRIAN HOYLE**
Justice

Opinion delivered May 22, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 22, 2013**

**NO. 12-12-00263-CR**

**JOHN JOHNSON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 3rd Judicial District Court

of Anderson County, Texas. (Tr.Ct.No.30157)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that this court is without jurisdiction of that portion of the appeal pertaining to the garnishment order, and that portion of the appeal should be dismissed; in all other respects the judgment of the trial court is affirmed.

It is therefore ORDERED, ADJUDGED and DECREED by the court that portion of the appeal pertaining to the garnishment order be, and the same is, hereby **dismissed for want of jurisdiction**; that in all other respects the judgment of the court below is hereby **affirmed**; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

4