

# NUMBER 13-15-00388-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE LOUIS A. OLIVAREZ

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Perkes
Memorandum Opinion Per Curiam[1]**

Louis A. Olivarez, proceeding pro se, filed a "Petition for Reinstatement" on August 21, 2015 requesting that we compel the district clerk and the trial court to reinstate *Louis A. Olivarez v. West Oso Independent School District, Michael Sandroussi, and Rickey Deleon*, No. 2012DCV-2138-G in the 319th District Court of Nueces County, which was dismissed on February 26, 2013. Olivarez, who is incarcerated, contends that he did not

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

receive timely notice that his lawsuit had been dismissed. Because Olivarez's "Petition for Reinstatement" asks us to command a public officer to perform an act, we construe this document as a petition for writ of mandamus. *See generally* TEX. R. APP. P. 25.1(a),(d); *In re Castle Texas Prod. Ltd. P'ship*, 189 S.W.3d 400, 403 (Tex. App.—Tyler 2006, orig. proceeding) ("The function of the writ of mandamus is to compel action by those who by virtue of their official or quasi-official positions are charged with a positive duty to act.") (citing *Boston v. Garrison*, 152 Tex. 253, 256 S.W.2d 67, 70 (1953)). As more fully explained herein, we dismiss the petition in part and deny the petition in part.

## I. STANDARD OF REVIEW

To be entitled to the extraordinary relief of a writ of mandamus, the relator must show that the trial court abused its discretion and that there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). It is the relator's burden to properly request and show entitlement to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding); *see Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record.*"* *See generally* TEX. R. APP. P. 52.3. The relator must also file an appendix and record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the

2

required contents for the appendix); R. 52.7(a) (specifying the required contents for the record); *see also Walker*, 827 S.W.2d at 837; *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding).

## II. JURISDICTION

Article V, Section 6 of the Texas Constitution specifies the appellate jurisdiction of the courts of appeals, and states that the courts of appeals "shall have such other jurisdiction, original and appellate, as may be prescribed by law." TEX. CONST. art. V, § 6. As an appellate court, this Court's original jurisdiction is governed by section 22.221 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 22.221 (West, Westlaw through Ch. 46 2015 R.S.); *see also In re Cook*, 394 S.W.3d 668, 671 (Tex. App.—Tyler 2012, orig. proceeding). In pertinent part, this section provides that we may issue writs of mandamus and "all other writs necessary to enforce the jurisdiction of the court." *See id.* § 22.221(a). This section also provides that we may issue writs of mandamus against "a judge of a district or county court in the court of appeals' district" or against a "judge of a district court who is acting as a magistrate at a court of inquiry . . . in the court of appeals district." *See id.* § 22.221(b).

Relator's petition seeks mandamus relief against the district clerk and the trial court. To the extent that relator seeks relief against the district clerk, we do not have original jurisdiction against a district clerk unless necessary to enforce our jurisdiction, and relator has not demonstrated that the requested relief is necessary for this purpose. *See generally id.* § 22.221; *In re Richardson*, 327 S.W.3d 848, 851 (Tex. App.—Fort Worth 2010, orig. proceeding); *In re Phillips*, 296 S.W.3d 682, 684 (Tex. App.—El Paso

3

2009, orig. proceeding); *In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding).

### III. ADEQUATE REMEDY BY APPEAL

Relator alleges that he did not receive notice that judgment had been rendered against him until May 15, 2015. A bill of review is an appropriate remedy for contentions regarding lost appeals based on lack of notice. *See, e.g., Petro-Chemical Transp. v. Carroll*, 514 S.W.2d 240, 245 (Tex. 1974); *Perdue v. Patten Corp.*, 142 S.W.3d 596, 604-05 (Tex. App.—Austin 2004, no pet.). A bill of review is considered an adequate legal remedy. *In re Pannell*, 283 S.W.3d 31, 35 (Tex. App.—Fort Worth 2009, no pet.). A petitioner seeking a bill of review must prove: (1) a meritorious defense, (2) that was not asserted due to fraud, accident, or wrongful act of an opponent or official mistake, (3) unmixed with any fault or negligence by the petitioner. *Ross v. Nat'l Ctr. for the Employment of the Disabled*, 197 S.W.3d 795, 797 (Tex.2006). In this regard, relator did not file a bill of review.

### IV. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden to obtain mandamus relief. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36. Accordingly, we DISMISS the petition for lack of jurisdiction to the extent that relator seeks relief against the district clerk and we DENY the petition in all other respects.

PER CURIAM

Delivered and filed the
3rd day of September, 2015.

4