# NOS. 12-16-00240-CV
## 12-16-00241-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BUFFORD TYRONE BLAYLOCK,* *APPELLANT* | § | *APPEALS FROM THE 392ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

These appeals are being dismissed for want of jurisdiction. Bufford Tyrone Blaylock filed motions with the trial court in two causes seeking to "rescind withdrawal of funds from inmate trust account and restore funds to inmate trust account." Blaylock appealed to this court based on the trial court's inaction on his motions.

In *Johnson v. Tenth Jud. Dist. Ct. of App. at Waco*, 280 S.W.3d 866 (Tex. Crim. App. 2008), the court of criminal appeals held that orders issued under Texas Government Code, Section 501.014(e) are civil in nature and, thus, directly appealable to the intermediate courts of appeals. *See Johnson*, 280 S.W.3d at 872–75. In civil actions, a postjudgment order that disposes of all matters placed before the trial court is a final and appealable order. *See Allen v. Allen*, 717 S.W.2d 311, 313 (Tex. 1986); *Cook v. Stallcup*, 170 S.W.3d 916, 920 (Tex. App.– Dallas 2005, no pet.) (stating that postjudgment orders enforcing trial court's judgment are appealable orders). Consequently, a withdrawal order is a final, appealable order. *See In re Pannell*, 283 S.W.3d 31, 34 (Tex. App.–Fort Worth 2009, no pet.).

Appellate jurisdiction is never presumed. *Florance v. State*, 352 S.W.3d 867, 871 (Tex. App.–Dallas 2011, no pet.). Unless the record affirmatively shows the propriety of appellate jurisdiction, we must dismiss. *Id.* In the instant cases, Blaylock's notices of appeal do not

indicate that he seeks to appeal any orders withdrawing funds from his inmate trust account.[1] Rather, Blaylock's notices indicate that he wishes to appeal the trial court's inaction on his motions. Therefore, since Blaylock has not sought to appeal a final, appealable order,[2] we *dismiss* the appeals for *want of jurisdiction*. *See* TEX. R. APP. P. 42.3(a). Any and all pending motions are overruled.

Opinion delivered January 31, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

---

[1] Blaylock's motions reference two such orders, which appear in the clerk's record and are dated June 27, 2008, and July 3, 2008. The postjudgment timetables—including the period of the trial court's plenary power to grant a new trial, or to vacate, modify, correct or reform a judgment or order, and for filing in the trial court various documents, including motions for new trial, motions to modify judgment, and motions to vacate a judgment—typically begin on the date that the judgment or order is signed. *See* TEX. R. CIV. P. 306a(1); *In re Pannell*, 283 S.W.3d at 35; *see also* *Mem'l Hosp. at Galveston Cty. v. Gillis*, 741 S.W.2d 364, 365 (Tex. 1987); *Nathan A. Watson Co. v. Employers Mut. Cas. Co.*, 218 S.W.3d 797, 800 (Tex. App.–Fort Worth 2007, no pet.). Thus, Blaylock's motions relating to these 2008 orders and any notices of appeal pertaining to those orders are untimely. *See* *In re Pannell*, 283 S.W.3d at 35; *see also* TEX. R. APP. P. 26.1.

[2] On December 9, 2016, we gave Blaylock notice by letter that, pursuant to Texas Rules of Appellant Procedure 37.2 and 42.3, his appeal would be dismissed unless the information in his notice of appeal is amended to show the jurisdiction of this court on or before January 9, 2017. We received no responsive information from Blaylock. On January 11, 2017, we sent Blaylock a letter indicating that jurisdiction had been established and the appeal would proceed. The January 11 letter was sent in error and is hereby rescinded.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JANUARY 31, 2017

NO. 12-16-00240-CV

**BUFFORD TYRONE BLAYLOCK,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 392nd District Court

of Henderson County, Texas (Tr.Ct.No. B-15,746)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this court that this court is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 31, 2017**

**NO. 12-16-00241-CV**

**BUFFORD TYRONE BLAYLOCK,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 392nd District Court

of Henderson County, Texas (Tr.Ct.No. B-15,747)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this court that this court is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*