In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-25-00423-CV**
_____

**IN RE MICHAEL LOWMAN**

**Original Proceeding**
**410th District Court of Montgomery County, Texas**
**Trial Cause No. 23-07-10524**

**MEMORANDUM OPINION**

Michael Lowman filed a petition asking this Court to issue a writ of mandamus compelling the trial court to reverse or vacate a default final decree of divorce signed on June 17, 2024 and hold a hearing on a motion for new trial that Lowman filed within thirty days of the date of judgment but that was overruled by operation of law.[1] We deny mandamus relief.

---

[1]We granted partial relief in a previous mandamus proceeding concerning Trial Cause Number 23-07-10524. *See In re Lowman*, No. 09-25-00153-CV, 2025 WL 2664323, at *4 (Tex. App.—Beaumont Sept. 18, 2025, orig. proceeding) (mem. op.). We directed the trial court to vacate an order awarding attorney's fees signed after its plenary power over the case expired. *Id*. at *3-4. We denied mandamus relief to compel the trial court to hear a motion for new trial that Lowman filed more than thirty days after the date of judgment. *Id*. at *4.

1

Lowman identifies seven issues that he argues establish abuse of discretion by the trial court: (1) "Did the trial court error in denying Relator's motion to new trial?" (2) "Did the trial court error in not holding an evidentiary hearing on Relator's motion for new trial?" (3) "Did the trial court error by not reducing the award of attorney's fees to written order thus preventing appeal?" (4) "Did the trial court error in awarding Relator's separate property to Real Party in Interest?" (5) "Did the trial court error in limiting parental rights/custody of minor son?" (6) "Did the trial court error in applying TX Family Code 105.006(c) without notice and a hearing?" and (7) "Was Relator's Fourteenth Amendment right of the U.S. Constitution violated by denying Michael's motion for new trial?" Each of these issues could have been brought in an appeal from the divorce decree.

We may issue a writ of mandamus to remedy a clear abuse of discretion by the trial court when the relator lacks an adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). "A party's failure to comport with [] rules which would have given him the time to file his notice of appeal is not a sufficient excuse to justify issuance of mandamus." *In re Pannell*, 283 S.W.3d 31, 35 (Tex. App.—Fort Worth 2009, orig. proceeding).

No action or failure to act by the trial court prevented Lowman from perfecting an appeal. Lowman presumes that he could not appeal because the trial

2

court did not sign an order denying his motion for new trial, but that is not so. Filing a timely motion for new trial extends the time to perfect an appeal without regard to whether the trial court holds a hearing on the motion for new trial, signs an order denying the motion for new trial, or allows the motion for new trial to be overruled by operation of law. In each situation, a party perfects an appeal by filing a notice of appeal within ninety days of the date of the judgment. *See* Tex. R. App. P. 26.1(a)(1). The time to file a notice of appeal may be extended by fifteen days, but no more. *See id*. 26.3; *see also Verburgt v. Dorner,* 959 S.W.2d 615, 617 (Tex. 1999) (once the period for granting a motion for extension of time has passed, a party can no longer invoke the appellate court's jurisdiction).

The divorce decree is not void, and Lowman had an adequate remedy by appeal. We deny the petition for a writ of mandamus. *See* Tex. R. App. P. 52.8(a).

PETITION DENIED.

PER CURIAM

Submitted on November 19, 2025
Opinion Delivered November 20, 2025
`
Before Johnson, Wright and Chambers, JJ.

3