# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-25-01017-CV

---

**Stephanie Hall, Appellant**

**v.**

**Joseph Wyatt, Appellee**

---

### FROM THE 169TH DISTRICT COURT OF BELL COUNTY
### NO. 22DFAM336005, THE HONORABLE CARI L. STARRITT-BURNETT, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

This case arises from a suit affecting the parent-child relationship. Stephanie Hall is the mother of the child at issue. In May 2025, Hall filed a sworn statement of inability to afford the payment of court costs. *See* Tex. R. Civ. P. 145. On August 11, 2025, the trial court held a hearing regarding Hall's indigence and signed an order that day denying Hall's statement of inability to pay costs.[1] *See id.* The order was entitled "COURT'S ORDER ON INABILITY TO PAY," specified that Hall "CAN afford to pay court costs," and ordered her to pay court costs by October 1, 2025. The order also contained the language required by the Rules of Civil Procedure concerning the right to challenge the indigency determination by specifying as

---

[1] Although Hall characterized the hearing as a "sua sponte hearing on [her] indigence," she does not assert that she was not given the notice required under Rule 145. *See* Tex. R. Civ. P. 145(f). Moreover, Hall details the testimony she provided at the hearing concerning her claim of indigency.

follows: "You may challenge this order by filing a motion in the court of appeals within 10 days after the date this order is signed. See Texas Rule of Civil Procedure 145." *Id.*

On November 4, 2025, Father's attorney filed a motion to sign temporary orders, explaining that the trial court held a hearing on August 11 and rendered temporary orders on that date. Father's attorney explained that he was attaching a written copy of proposed temporary orders, that the proposed orders reflected the temporary ones that were rendered during the hearing, and that he was sending the proposed orders to Hall. The motion listed Hall's attorney's email address and stated that the motion "was served in accordance with rule 21a of the Texas Rules of Civil Procedure . . . on November 4, 2025." *See id.* R. 21a. The proposed temporary orders set out how the parents would be named temporary joint managing conservators, described each parent's rights and duties, included a possession schedule, and listed child support obligations. The proposed temporary orders also included the following under the heading *Denial of Inability to Pay Costs*: "The Court finds that STEPHANIE HALL is not indigent. The Court therefore DENIES the application of inability to pay costs. IT IS FURTHER ORDERED that STEPHANIE HALL shall pay court costs on or before October 1, 2025."

On November 13, 2025, Hall's attorney filed with the trial court a motion to extend the deadline for challenging the indigency ruling, asserting that he was never provided with notice concerning the ruling on Hall's statement and did not learn of the trial court's order until November 6, 2025, when he examined the record to respond to Father's proposed temporary orders. *See id.* R. 306a. As support, Hall's attorney attached an email exchange between him and the trial court coordinator in which he asked for a hearing to get an order signed regarding motions that had been heard previously. He also asserted that Father and his

2

attorney did not receive notice of the order signed on August 11 either and included as proof Father's attorney's proposed temporary orders. Hall's attorney included in his motion a verification from him signed under penalty of perjury attesting that he did not learn of the August 11 order until November 6. On December 1, the trial court signed the proposed temporary orders submitted by Father's attorney.

On December 22, Hall filed with this Court a motion seeking review of the trial court's order denying her statement of inability to pay costs. *See id.* R. 145(g). In the motion, Hall's attorney stated that he had not received notice of the August 11 order until November 6 and similarly did not receive notice of the December 1 order until after reviewing the docket following a hearing on December 17 and discovering the signed order. On the same day that Hall's attorney filed his motion in this Court, the clerk of this Court sent a notice informing the parties that a preliminary review indicated that this Court did not have jurisdiction in this matter and asking the parties to explain how this Court has jurisdiction. Hall's attorney responded and asserted that this Court does have jurisdiction. However, for the reasons that follow, we disagree with Hall's attorney's assertions and dismiss this case for lack of jurisdiction.

Generally speaking, certain deadlines, like plenary power and the deadline for appealing, run from the date a judgment or order is signed. *See id.* R. 306a(1), (4); *Baker v. Bizzle*, 687 S.W.3d 285, 291 n.13 (Tex. 2024). However, there is an exception for when a party learns of the ruling more than 20 but less than 90 days after it was signed. Tex. R. Civ. P. 306a(4). In those circumstances, the procedural timetables "shall begin on the date that such party or his attorney received . . . notice or acquired actual knowledge of the signing, whichever occurred first, but in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed." *Id.* In order to obtain the benefit of the

3

extension, "the party adversely affected is required to prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed." *Id.* R. 306a(5). Hall's attorney asserted to the trial court that he received actual notice of the ruling concerning Hall's indigency on November 6, 2025, when he discovered the order in the record. Assuming that Rule 306a applies and that the requirements were met here, the date on which the procedural timetables would have started to run would have been November 6, 2025. *See id.* R. 306a(4).

To challenge a ruling requiring the payment of costs under Rule 145, a party must file a motion in the appropriate appellate court within ten days of the trial court's order being signed. *Id.* R. 145(g). That deadline may be extended for an additional "15 days if the declarant demonstrates good cause for the extension in writing." *Id.* Regardless of whether an extension would have been warranted here, Hall's motion was not filed by either the deadline or the maximum possible extended deadline, November 16 and December 1, respectively. *See id.* For those reasons, we do not have jurisdiction to address the indigency ruling from August 11 because the motion challenging that ruling was not timely filed. *See In re M.L.M.*, No. 04-23-00338-CV, 2023 WL 4921856, at *2 (Tex. App.—San Antonio Aug. 2, 2023, no pet.) (mem. op.) (per curiam) (dismissing case for lack of jurisdiction when party filed motion past deadline provided by Rule 145).

In his response to the clerk's inquiry, Hall's attorney asserts that this Court does have jurisdiction over this matter for two reasons. First, he argues this Court has jurisdiction because the trial court's temporary orders signed December 1, 2025, contained another indigency determination also concluding that Hall was not indigent. Hall's attorney contends that this

4

December 1 ruling is a separate order subject to challenge under Rule 145. Accordingly, Hall's attorney asks this Court to "make its analysis on timeliness based on the December 1, 2025 order" as "the most recent finding . . . made on [Hall]'s indigence."

As an initial matter, it does not appear that the trial court intended the December 1 temporary orders to constitute a separate ruling on Hall's indigence rather than simply reflecting prior determinations. The August 11 order specifically addressed Hall's ability to pay following a hearing regarding her affidavit of indigence and ordered her to pay by October 1. *See* Tex. R. Civ. P. 145. In contrast, the temporary orders from December 1 were not signed after a new hearing on Hall's indigence claims, were prepared by Father's attorney, and addressed a multitude of rights and obligations for the parties. Father's attorney explained in his motion to sign temporary orders that the proposed orders reflected what had been rendered previously during the August 11 hearing. Consistent with that characterization, the December 1 temporary orders reflected that Hall had been ordered to pay costs by *October 1*. Additionally, the orders did not reflect that a new and different indigency finding had been made and did not include the required language informing Hall how she could challenge the indigency determination. *See id.*

Even if the December 1 temporary orders constituted another order under Rule 145, Hall's motion filed on December 22 would be timely only if an extension were granted under Rule 145(g)(2). *See id.* R. 145(g)(2). Under that provision, an appellate court "may" grant up to a fifteen-day extension but only in circumstances in which the party "demonstrates good cause for the extension in writing." *Id.*; *see* Tex. Gov't Code § 311.016 (explaining that use of term "'[m]ay' creates discretionary authority"); *see also id.* § 311.002 (stating that Code Construction Act applies to rules adopted under code); *BASF Fina Petrochems. Ltd. P'ship v.*

5

*H.B. Zachry Co.*, 168 S.W.3d 867, 871 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) ("The Code Construction Act also applies to the interpretation of the Rules of Civil Procedure.").

In Hall's motion filed in this Court and in her response to the clerk's inquiry, Hall's attorney asserts that he did not receive notice of the August 11 or December 1 orders; however, he previously admitted that he received actual knowledge of the August 11 order when he discovered the order in the trial court record on November 6, and that order included the required language from Rule 145 setting out how to challenge the indigency determination and the deadline for doing so. *See* Tex. R. Civ. P. 145(f)(4); *see also Hoch v. Hoch*, No. 03-25-00072-CV, 2025 WL 698135, at \*1 (Tex. App.—Austin Mar. 5, 2025, order) (per curiam) (concluding that good cause had been demonstrated because trial court did not hold hearing on indigency determination as required and because order did not "contain language that notifie[d] appellant of her right to challenge the order by filing a motion"). Accordingly, Hall's attorney was already on notice of the need to file a motion challenging the indigency determination from at least November 6 but did not file one until forty-six days after receiving actual notice. Additionally, the attachments to Hall's motion filed with this Court reflect that Hall's attorney was served on November 4 with the proposed temporary orders and with Father's motion to sign temporary orders, which reflected that the temporary orders were consistent with the orders made at the hearing on August 11, and Hall's attorney in his verified motion filed with the trial court explained that he had reviewed the proposed temporary orders on November 6 and examined the record to see if the proposed order was consistent with the trial court's docket.

Moreover, although Hall's attorney included exhibits indicating that he did not receive notice of the August 11 order and included a verified statement to that effect, he did not include similar proof regarding the order from December 1; instead, he simply asserts in the

motion filed with this Court that the December 1 "order was not delivered in any way to Appellant or her Counsel, instead Counsel discovered the order was signed while reviewing the docket." *Cf.* Tex. R. Civ. P. 306a(5) (requiring proof "on sworn motion" regarding "the date on which the party or his attorney . . . acquired actual knowledge of the signing"); *Koch Gathering Sys., Inc. v. Harms*, 946 S.W.2d 453, 456 (Tex. App.—Corpus Christi-Edinburg 1997, writ denied) (explaining that sworn motion is required to establish "lack of notice").

For these reasons, even assuming that the December 1 order constituted a new and independent indigency determination under Rule 145, we conclude that Hall has not shown good cause to extend the deadline in this case. *See* Tex. R. Civ. P. 145.

As an alternative basis for invoking this Court's jurisdiction, Hall contends that if this Court concludes that the requirements of Rule 145 have not been met, we should construe the motion as a petition for writ of mandamus. *See* Tex. R. App. P. 52.1-.11. Hall contends that mandamus relief is warranted due to the lack of notice in this case.

Mandamus is an extraordinary remedy. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). "The standards generally applied in a mandamus proceeding are well-established: 'mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law' and when the petitioning party lacks an adequate remedy by appeal." *In re Turner*, 500 S.W.3d 641, 642 (Tex. App.—Austin 2016, orig. proceeding) (quoting *In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 207 (Tex. 2009) (orig. proceeding)).

As support for the assertion that mandamus relief is warranted in this case, Hall cites *In re Whataburger Restaurants LLC*, 645 S.W.3d 188 (Tex. 2022) (orig. proceeding). In that case, the Supreme Court determined "that a party who does not receive notice of the order

7

in time to appeal because of the trial court clerk's error may seek review by mandamus." *Id.* at 190-91. In that case, unlike this one, the party did not receive any notice concerning the trial court's order until 153 days after it was signed, "long after the 20-day deadline to appeal" and beyond the 90-day extension limit allowable under Rule of Civil Procedure 306a. *Id.* at 193. Accordingly, the party never had an adequate remedy by appeal because it did not learn of the ruling until after the period for which an extension to appeal could have been given had run. *See id.*

Here, in contrast, Hall learned that a ruling had been made concerning her indigency claim on November 6 at the latest, which was before the expiration of the possible extension under Rule 306a that would have allowed Hall to challenge the indigency determination from August 11 assuming that Rule applies, but she did not file in this Court any motion challenging the ruling until December 22. *See* Tex. R. Civ. P. 306a. Even assuming that the December 1 temporary orders contained an independent indigency determination, Hall does not assert and the record does not indicate that she made any attempt to extend the deadline for challenging that ruling due to the alleged lack of notice. *See id.* Moreover, as set out previously, Hall did not timely file in this Court any motion challenging the December 1 order or establishing good cause for an extension under Rule 145. *See id.* R. 145(g).

"Mandamus is not available if another remedy, though it would have been adequate, was not timely exercised," and "[f]ailure to comply with rules which would have given [Hall] time to file" her motion "'is not a sufficient excuse to justify issuance of mandamus.'" *See In re Hart*, 351 S.W.3d 71, 77 (Tex. App.—Texarkana 2011, orig. proceeding) (quoting *In re Pannell*, 283 S.W.3d 31, 35 (Tex. App.—Fort Worth 2009, orig. proceeding)); *see also*

8

*In re Pannel*, 283 S.W.3d at 35 (noting that failure to comply with Rule 306a, "which would have given him the time to file his notice of appeal," did not justify issuance of mandamus).

Accordingly, even construing Hall's filing as a petition for writ of mandamus, we would be unable to grant relief in this case. *See* Tex. R. App. P. 52.8(a).

For the reasons previously given, we dismiss for want of jurisdiction Hall's challenge to the trial court's indigency determination. *See id.* R. 42.3(a); *In re M.L.M.*, 2023 WL 4921856, at *2.

_____

Karin Crump, Justice

Before Chief Justice Byrne, Justices Theofanis and Crump

Dismissed for Want of Jurisdiction

Filed:   January 23, 2026